UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GEORGE JARVIS AUSTIN, Plaintiff
(*Admitted Student* ),

v.

GEORGETOWN UNIVERSITY, et. al. Defendants.
(*Federal Tax Identification Number:* ***53-0196603***)

Case No. **4:23-cv-05836-YGR (LJC)**

**NOTICE: THIS CASE'S JURISDICTION UNDER 28 U.S.C. 1331 IS DUE TO FEDERAL,** *NOT STATE LAW***, EQUAL PROTECTION (14th AMEND.; CIVIL RIGHTS ACT OF 1964; TITLE VI) AND 42 USC 1981 (13th AMEND.)** *ONGOING VIOLATIONS*

**George Jarvis Austin, Plaintiff (Self-represented)**
**2107 Montauban Ct., Stockton, CA**
**209.915.6304,**
**gaustin07@berkeley.edu**

**Note:  Mr. George Jarvis Austin is an *admitted* Georgetown student, filing complaint(s) about Georgetown's *ongoing* 1. Equal Protection 2. 42 USC 1981 3. Deceit, False Promises, Misrepresentations, Omissions and Actual Fraud (with Malice) 4. Negligence and 5. Bad Faith violations of his rights (including fundamental violations of privacy, contract, and publicity rights as well as those enumerated above) as witnessed by over 50+ separate persons.  As a Pro Se Litigant, and individual person, Mr. Austin upholds, and reminds of, his as well as Georgetown's ongoing duty to privacy (*and other enumerated duties*) throughout the litigation, or settlement, phases of this legal process with *$10 - $15* million *minimum* Demand depending on structure, context and timing).**

**Mr. Austin is a whistleblower; As part of providing 'notice' of documented formal complaints to Georgetown ideaa@georgetown.edu,  generalcounsel@georgetown.edu, presidentsoffice@georgetown.edu, media@georgetown.edu, privacy@georgetown.edu, visualidentity@georgetown.edu, lawdeanofstudents @georgetown.edu, (showing *"deliberate indifference; discriminatory animus")* included 50+ outside expert 'witnesses' including  ocr@ed.gov, privacyTA@ed.gov, studentaid@ed.gov, and whistleblowercoordinator.oig@ed.gov, in real time.**

NOTE: Mr. Austin's (Plaintiff's, self-represented with limited resources) technology is not currently allowing the showing of line numbering although he has repeatedly attempted to correct the technological issue (it is unintentional, and *shall be corrected as soon as able*)  Erickson v. Pardus, 551 U.S. 89, 94 (2007)) "a pro se complaint, .. must be held to less stringent standards than formal pleadings drafted by lawyers."

**NOTICE:  THIS CASE'S JURISDICTION UNDER 28 U.S.C. 1331 DUE TO FEDERAL, *NOT STATE LAW*, EQUAL PROTECTION (14th AMEND.; CIVIL RIGHTS ACT OF 1964; TITLE VI) AND 42 USC 1981 (13th AMEND.)**

**(**ESPECIALLY PROVIDED DOCUMENTED *ONGOING* FORMAL COMPLAINTS; GEORGETOWN'S DEMONSTRATED DELIBERATE INDIFFERENCE ('WHISTLEBLOWER") PRE & POST SERVICE OF PROCESS DCKT#14**)**

## 1.   JURISDICTION

1.      Mr. Austin Notes for the Court at the outset, as provided in FAC (Dckt#12) paragraph number #82, pg. 54 (of 111) of written text this case's (**4:23-cv-05836-YGR (LJC))** "Original" Federal Jurisdiction per U.S.C. 1331 is due to Georgetown's *ongoing violations* of Mr. Austin's Federal rights, as an admitted student-whistleblower, including Federal Equal Protection (14th. Amend.; Civil Rights Act of 1964; Title VI), and 42 USC 1981 (13th Amend).  Mr. Austin Notes for the Court that Defendant Georgetown, and its counsel, has made its first grave error in the outset, in that this case's (**4:23-cv-05836-YGR (LJC))** Federal Jurisdiction arises under Federal Law Violations, *not state,* and is absolutely distinct, *not identical.*

2.      Under 28 U.S.C. 1331 Jurisdiction is proper, and just, (*as described in FAC (Dckt#12) paragraph number #82, pg. 54 (of 111) of written text*) per Federal Question Doctrine arising under 42 USC 1981, the 13th Amendment, or Equal Protection under the 14th Amendment and Civil Rights Act of 1964 (Title VI).  See 28 U.S.C. § 1331; See e.g. United States v. Hougen No. 21-10369 (9th Cir. Aug. 1, 2023);  See also e.g. Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll., No. 20-1199, 148 (U.S. Jun. 29, 2023);  See also e.g. General Building Contractors Ass'n v. Pennsylvania 458 U.S. 375 (1982) (It is true that § 1981,

because it is derived in part from the 1866 Act, has roots in the Thirteenth as well as the Fourteenth Amendment. Indeed, we relied on that heritage in holding that Congress could constitutionally enact § 1982, which is also traceable to the 1866 Act, *without limiting its reach to "state action."* See Jones v. Alfred H. Mayer Co., 392 U.S. 409, 438 (1968)); Dckt #9-82

3..    As noted for the Court in Dckt.15;17, both pre, and post, Service of Process Dckt#14 (*personally served on Georgetown University (General Counsel; Vice President Office) on 11/29/2023*) Mr. George Jarvis Austin, admitted student, documents for the Court, and shows in *real time* Georgetown's facially discriminatory pattern, and practice of deliberate indifference ("discriminatory animus") toward Black male admitted students to their detriment.  This pattern and practice is different from the promulgated policy toward non-Black male, or White, admitted students to their unfair advantage.

3.    As mentioned in the complaint, and on the cover page, Mr. Austin is a whistleblower.  As part of providing 'notice' of documented formal complaints to Georgetown  ideaa@ georgetown.edu, generalcounsel@georgetown.edu, presidentsoffice@ georgetown.edu, media@georgetown.edu, privacy@ georgetown.edu, visualidentity@georgetown.edu, lawdeanofstudents @georgetown.edu, (showing "deliberate indifference; discriminatory animus") included now over 100+ outside expert 'witnesses' including  ocr@ed.gov, privacyTA@ed.gov, studentaid@ed.gov, and whistleblowercoordinator.oig@ed.gov, in real time.  A few redacted (to protect privacy; contact information of witnesses)

emails so the court themselves can see, and observe (direct evidence), Georgetown's conduct toward Mr. Austin, and Black male admitted students,  See attached.  See Cal. Evid. Code § 410 ("As used in this chapter, "direct evidence" means evidence that directly proves a fact, without an inference or presumption, and which in itself, if true, conclusively establishes that fact.")

4.     Mr. Austin notes, the requisite information sought over 100+ separate instances to be produced by Georgetown to him, *and him only*, of a. how many brochures or other advertisements were sent to California forum b. and when, for what time period  or how long temporally were they sent there (as well as elsewhere), *after* Georgetown exploited Mr. Austin's image for business purposes without his consent is part of relief.  Specifically, the information production is part of Injunctive relief as it is *ongoing* materially omitted information (fraud; deceit) still owed to Mr. Austin.  See embedded documents, communications, time-stamped affidavits.

5.     Because of the *ongoing* Federal Law violations by Defendant Georgetown, Defendant Georgetown's counsels choice to ignore the Original Jurisdiction of those Federal Law violations is quite strange; However, Mr. Austin Notes for the Court at the outset, as provided in FAC (Dckt#12) paragraph number #82, pg. 54 (of 111) of written text this case's (**4:23-cv-05836-YGR (LJC)**) Federal Jurisdiction per U.S.C. 1331 is due to Georgetown's *ongoing violations* of Mr. Austin's Federal rights, as an admitted student-whistleblower, including Federal Equal Protection (14th. Amend.; Civil Rights Act of 1964; Title VI), and 42 USC 1981 (13th Amend).



Connected
*powered by Google*

George J. Austin <gaustin07@berkeley.edu>

**Repeated Demonstrated Deliberate Indifference: No Written Authorization Form, Demonstrated Malice, No Consent (written, nor otherwise)+ Missing, Deprived, and Required Steps Per Manual-Policy-Law: (Repeated Anti-Black Racial Animus, displayed) [100]+ documented Formal Complaint(s) : Race & Gender (Black Man) Formal IDEAA, Equal Protection, Disparate Treatment Complaint(s) (and public notice to other Leadership). Re: 9.11.23 (12.8.23) - List of Previously, and Still, Unanswered Questions Re: Misstatements and Omissions**
1 message

**George J. Austin** <gaustin07@berkeley.edu>                                          Fri, Dec 8, 2023 at 2:35 AM
To: Adam Adler <Adam.Adler@georgetown.edu>, Elizabeth Decherd <elizabeth.decherd@georgetown.edu>, "GeneralCounsel@georgetown.edu"
<GeneralCounsel@georgetown.edu>, Georgetown Law Admissions <lawadmis@georgetown.edu>, Kelly Blevins <kcb27@georgetown.edu>,
"LawHousing@georgetown.edu" <LawHousing@georgetown.edu>, OCR <ocr@ed.gov>, "finfront@georgetown.edu" <finfront@georgetown.edu>,
"hotline@law.georgetown.edu" <hotline@law.georgetown.edu>, "ideaa@georgetown.edu" <ideaa@georgetown.edu>, "lawfinaid@georgetown.edu"
<lawfinaid@georgetown.edu>, "lc127s@law.georgetown.edu" <lc127s@law.georgetown.edu>, "mcb48@law.georgetown.edu" <mcb48@law.georgetown.edu>,
"media@georgetown.edu" <media@georgetown.edu>, "privacy@georgetown.edu" <privacy@georgetown.edu>, "visualidentity@georgetown.edu"
<visualidentity@georgetown.edu>
Cc: "Olabisi.Okubadejo@georgetown.edu" <Olabisi.Okubadejo@georgetown.edu>, "ale77@georgetown.edu" <ale77@georgetown.edu>,
"emb257@georgetown.edu" <emb257@georgetown.edu>, "kilkennr@georgetown.edu" <kilkennr@georgetown.edu>, "lawdeanofstudents@georgetown.edu"
<lawdeanofstudents@georgetown.edu>, "presidentsoffice@georgetown.edu" <presidentsoffice@georgetown.edu>, "vicepresident@georgetown.edu"
<vicepresident@georgetown.edu>
Bcc:

Good early morning, and Happy Friday 12.8.23, Georgetown Visual Identity, Media, and Privacy Centers, Lisa Curtis, Mitch Bailin, and Georgetown University (including IDEAA, General Counsel, and President's Office cc'd here)

I am remaining diligent in my ongoing formal complaints, notifications, and inquiry to Georgetown directly, per stated policy-contract and Equal Protection Clause, despite Georgetown's repeated displays of discriminatory animus, and deliberate indifference.

**Note: This accounts for at least my 100th+, genuine and diligent, attempt to obtain this series of 'materially omitted' information from Georgetown (with now over 100+ direct witnesses).**

Why was no Georgetown written authorization form presented to me for signature, as a Black male admitted student (as exemplified below), prior to or after photo used for business or commercial purpose; why was there no notice of photo being taken, nor notice of use for commercial purpose, nor any apology nor corrective action for violating a multitude of my rights since Mitch Bailin acknowledged business use (after the fact; see below Georgetown letter)?

See e.g. https://publicaffairs.georgetown.edu/communications/policies/policy-for-filming-at-georgetown-university/ ("You may not film a person in an identifiable manner unless you first have obtained that person's express consent. *If the person is a Georgetown student, you must use a written consent form that has been approved in advance by the Office of the General Counsel.*")

See e.g. https://static.scs.georgetown.edu/upload/kb_file/2015_release_form.pdf

"For good and valuable Consideration herein acknowledged as received, and by signing this release, I hereby give the Photographers/Filmmakers and Assigns my permission to use the Recording, and to license the Recording for use by others, in any media (including digital, electronic, print, television, film and other media now known or to be invented) in perpetuity for all commercial and non-commercial purposes. I agree that the Recording may be combined with other images, text and graphics, and cropped, altered or modified. I agree that I have no rights in or to the Recording, and all rights to the Recording belong to the Photographer/Filmmaker and Assigns. I acknowledge and agree that I have no further right to additional consideration or accounting, and that I will make no further claim for any reason to Photographer/Filmmaker and/or Assigns. I hereby release Georgetown University, and its assignees and designees, from any and all claims and demands arising out of or in connection with the use of the Recording, including but not limited to any claims for copyright infringement, defamation, invasion of privacy, or right of publicity. I acknowledge and agree that this release is binding upon my heirs and assigns. I agree that this release is irrevocable, worldwide and perpetual.

Release Information Name (print) _____ (print name)

Address _____

City _____ State _____ Zip Code _____

Country _____ Phone _____

Email _____ Date of Birth _____

Signature _____ Date _____."

See e.g. https://communications.gwu.edu/photo-video-release

**Photo & Video Recording Release**

This release and authorization agreement ("Agreement") shall confirm that I, (insert full name in form below), (hereafter "I" or "Student"), for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, grant permission to the George Washington University ("GW" or "University") and its licensees, assignees, and other successors-in-interest all rights whatsoever in perpetuity in and to my performance, appearance, voice, and other reproductions of my likeness, name, and/or material ("Appearance") taken in conjunction with (insert name of event or photo/video project below), and to use the same or portions thereof, including making and using derivative works thereof in any medium, including without limitation, videos, online broadcasts and brochures (collectively the "Works"), for any university purpose.

I further grant to GW all rights of every kind and nature in and the results and proceeds of my Appearance. I acknowledge that GW shall be the sole and exclusive owner of all rights in and to the Works, including, without limitation, the copyright therein and all of the results and proceeds of my Appearance hereunder and shall have the right to exploit any or all of the foregoing in any manner and in any media, whether now known or hereafter devised in perpetuity ... I agree that GW shall have sole editing discretion in determining the extent and manner of use of my Appearance. Nothing herein will be deemed to obligate GW to use my Appearance or the results and proceeds thereof, in the Work or otherwise, or to produce, release or distribute the Works, or to otherwise exploit any rights granted to GW hereunder. GW shall have the right to assign this Agreement (or any of its rights hereunder) to any person, firm, partnership or corporation for any reason and without notice to Student.

I hereby voluntarily assume any and all risks, known or unknown, associated with my Appearance. I and my heirs, executors, administrators and assigns, hereby voluntarily release, discharge, waive and relinquish any and all claims, complaints, liabilities, actions and causes of actions ("Claims") against GW. I agree to defend, indemnify (including any and all attorney's fees) and hold harmless GW in the event of any and all Claims, by whomever or whenever asserted ... I have read, understand and agree to the above terms and conditions. I warrant that I have the right and power to enter into and fully perform this Agreement and to grant GW the rights herein granted. I am over the age of 18 years of age, or I have the approval of my parent or legal guardian if I am under the age of 18. I understand that this contains the entire understanding of the parties relating to the subject matter and cannot be changed or terminated without the written consent of both parties. The provisions shall be binding upon me and my heirs, executors, administrators and successors. All rights, licenses and privileges herein granted are irrevocable and not subject to rescission, restraint or injunction under any circumstances.

Name

Event Name or Photo/Video Project Title

Date

Date: Date

mm/dd/yyyy

Student Address

Email Address

Signature

Why did Georgetown violate its own mandatory written authorization agreement (contract - see above examples) policy for all students, and single out a Black male student, and subject him to a different policy to his immediate detriment violating his 42 USC 1981 right to contract, privacy, publicity and other rights?

Are you aware that because you violated my right to contract 42 USC 1981 by expressly violating your written authorization (agreement) contract while subjecting a Black male student to inferior treatment?

Are you aware the reason for expressly stating the right to contract, for Black men, in this Country, after the Civil War, in the 13th Amendment, 42 USC 1981, is precisely because of the kind of anti-Black discriminatory conduct Georgetown did here to a Black man, in violation of the US Constitution?

Is there some type of gag order Georgetown's leadership is under (why has there been no response when your ongoing owed duties require the exact opposite conduct)?

Why was Georgetown's self-described process of obtaining written consent, and provision of notice, not followed, and egregiously violated when it came to me as a Black male admitted student, treated in an inferior manner-different than non-Black male admitted students (i.e. obvious disparate treatment)?

Are you aware that each Georgetown intentional choice to further break, or violate, your own policies, contract, and the law not only demonstrates malicious intent, but magnifies your ongoing liability?

Why has there been no formal acknowledgement of privacy violations, nor correction and disclosure of material misstatements, and omissions by Georgetown (which could have initially been included in Mitch Bailin's letter below, or thereafter per follow up questions and formal complaints)?

Why is Georgetown attempting to mark, or stamp, a Black man and admitted student, with a badge of inferiority, by intentionally depriving required services, singling out him out for inferior treatment, prior to and after admitted violations of his rights, and privacy, as well as continued fraud (material omissions; misstatements, etc.) against him without correction(s)?

Why have you displayed racial animus by not following the typical process for non-Black male similarly situated complainants?

Is there a particular point person who is most competent to handle this set of complaints beyond who is included here (as IDEAA has been completely unresponsive, at all)?

I've tried various methods: phone, email, fax (as publicly listed), why no response, steps, or even acknowledgment of complaint violating my Equal Protection (as a Black man)?

If so, please provide their contact information?

Note: this accounts for, at least, my **[100]**th+ formal complaint to IDEAA, and Georgetown Leadership.

---

When is an acknowledgement of complaint filed emailed, or noticed, to Complainant?

Why have no steps, at all, toward investigation taken place, nor any follow up communication?

Why has Georgetown impermissibly used race to treat me, a Black man, in an inferior manner, refusing required investigative services, at all, and through action, or discriminatory non-action when action is mandated, and attempted to mark me, a Black man with a badge of inferiority (in an ongoing manner)?

"Founded in 1789, Georgetown is the Nation's oldest Catholic and Jesuit University. ... **Georgetown complains** that ... requiring it to report ... **forces the University to violate the Federal Educational Rights and Privacy Act (i.e. reasonable expectation of privacy)** of 1974 (FERPA), 20 U.S.C. § 1232g, by mandating the release of allegedly protected information regarding students who live off campus. ... FERPA protects students' privacy interests by withholding federal financial assistance to educational institutions that ... release ... educational records" .... Georgetown first raised its FERPA-based objections to the reporting obligations" - **GEORGETOWN COLLEGE v. D.C. BRD., ZONING ADJ, 837 A.2d 58, 79 a.21 (D.C. 2003)**









Did you see the previous questions; they are still unanswered (see below)?

Are you aware of your ongoing pattern of deception, false promises, material omissions, etc. toward me (to date I still have not been provided the requisite material information)?

How many of these were made, sent and utilized and in what capacity?  Where geographically?

Are you aware of Georgetown's repeated, disparate treatment of me, and my over 30+ (now 100+) formal complaints?

Are you aware as an admitted student, and "Complainant" I am guaranteed a "prompt, fair, and impartial investigation and resolution of grievances of discrimination, harassment, and related retaliation (i.e. disparate treatment)" per your contract, policy, and the law, was so when I first made a formal complaint, after Mitch Bailin initially admitted Georgetown's violations in writing?

1. Why did Georgetown not ask my permission before using my up close photo for advertising purposes?

2. Why did Georgetown not get my written consent, nor use of form (as reasonable expectation of privacy standards are similar for medical and student records) for use or release of an up close photo of me, an admitted student, for advertising or marketing purposes?

3. Why was it materially omitted that the photo was taken, was made public, and was used without my consent, to the person and admitted student whose rights were being exploited?

4. Why when I first asked Georgetown leadership, (after someone outside of the school was the first to tell me my photo was being used for that purpose) was the photo authentic, and actually being used for advertising, was it affirmatively denied, and I was lied to?

5. Why, when several months later, after Mitch Bailin finally admitting that they in fact took the photo and used the photo for that purpose, did they refuse to tell how many physical brochures were sent or used in California, and elsewhere for that matter?

6. Why was that material information repeatedly omitted by Mitch Bailin and Georgetown University Leadership, and continues to be omitted to date, despite my repeated inquiries?

7. I have placed at least [100+] formal and informal complaints related to this specific set of topics with IDEAA and Georgetown Leadership ; why has no investigation, nor even follow up inquiry by those tasked to investigate these types of issues or taken even a cursory first step toward investigation nor resolution despite me being an admitted student?

Thank you,

George Jarvis Austin

## AFFIDAVIT; SIGNATURE.

All above plead facts and those included as exhibits, or affidavits, are true, and as I, George Jarvis Austin personally experienced, witnessed, and observed.  Further all legal references which highlight, Mr. Austin's, plead facts as relevant, decisive, persuasive and compelling have been affirmed by the United States Supreme Court, Ninth Circuit, Northern District and California Courts.

**George Jarvis Austin**

**s/ George Jarvis Austin, Self Represented, 12/20/23**